IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GARY SNODGRASS, | ) | No. C 08-3322 MMC (PR) |
| Petitioner, | ) ) | **ORDER TO SHOW CAUSE; DENYING AS MOOT** |
| v. | ) ) | **PETITIONER'S APPLICATION TO PROCEED IN FORMA PAUPERIS** |
| BEN CURRY, Warden, | ) ) | **AND MOTION FOR ORDER TO SHOW CAUSE** |
| Respondent. | ) ) | |
| _____ | ) | **(Docket Nos. 2 & 7)** |

On July 9, 2008, petitioner, a California prisoner incarcerated at the Correctional Training Facility at Soledad, California, and proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the denial of parole by the California Board of Parole Hearings ("Board"). On April 7, 2009, the petition was reassigned from Judge Jeffrey S. White to the undersigned. Petitioner has paid the filing fee.[1]

**BACKGROUND**

In 1982, in the Superior Court of Contra Costa County, petitioner was found guilty of second degree murder. He was sentenced to a term of fifteen years to life in state prison. On December 27, 2006, the Board, for the thirteenth time, found petitioner unsuitable for parole. On June 11, 2008, the California Supreme Court denied petitioner's state habeas corpus petition challenging the Board's decision.

---

[1] As petitioner has paid the filing fee, his pending application for leave to proceed in forma pauperis will be denied as moot. (Docket No. 2.)

**DISCUSSION**

A.  Standard of Review

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75-76 (1977)).

B.  Petitioner's Claims

Petitioner claims the denial of parole violated his federal constitutional right to due process because it was based on the Board's reliance on a no-parole policy and the nature of the commitment offense, and not on some evidence that petitioner's release would pose an unreasonable risk to public safety. Liberally construed, petitioner's claims are cognizable.

In light of this order directing respondent to answer the petition, petitioner's motion seeking the issuance of an order to show cause will be denied as moot.

**CONCLUSION**

For the reasons stated above, the Court orders as follows:

1. Petitioner's application to proceed in forma pauperis is hereby DENIED as moot. (Docket No. 2.)

2. Petitioner's motion for an order to show cause is hereby DENIED as moot. (Docket No. 7.)

3. The Clerk shall serve by certified mail a copy of this order and the petition, along with the exhibits lodged in support thereof, upon respondent and respondent's counsel, the Attorney General for the State of California. The Clerk shall also serve a copy of this order

on petitioner.

4. Respondent shall file with the Court and serve on petitioner, within **ninety (90)** days of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent within **thirty (30)** days of the date the answer is filed.

5. In lieu of an answer, respondent may file, within **ninety (90)** days of the date this order is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within **thirty (30)** days of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within **fifteen (15)** days of the date any opposition is filed.

6. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

7. It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

8. Upon a showing of good cause, requests for a reasonable extension of time will be granted as long as they are filed on or before the deadline they seek to extend.

//
//
//

United States District Court
For the Northern District of California

1  This order terminates Docket Nos. 2 and 7.
2  IT IS SO ORDERED.
3  DATED: April 14, 2009

_____
MAXINE M. CHESNEY
United States District Judge