IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY SNODGRASS, | No. C 08-3322 MMC (PR) |
| Petitioner, | **ORDER GRANTING MOTION TO DISMISS PETITION AS UNEXHAUSTED; DIRECTING PETITIONER TO FILE AMENDED PETITION OR REQUEST FOR STAY** |
| vs. | |
| BEN CURRY, | |
| Respondent. | **(Docket No. 11)** |

On July 9, 2008, petitioner, a California prisoner currently incarcerated at the California Men's Colony in San Luis Obispo, California, and proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the denial of parole by the California Board of Parole Hearings ("Board"). On April 7, 2009, the petition was reassigned to the undersigned; on April 14, 2009, the Court ordered respondent to file an answer showing cause why the petition should not be granted, or in the alternative, a motion to dismiss on procedural grounds. Respondent chose the latter course, and has filed a motion to dismiss the petition for failure to exhaust. See 28 U.S.C. § 2254(b)-(c). Petitioner has filed opposition to the motion, and respondent has filed a reply.

**BACKGROUND**

In 1982, in the Superior Court of Contra Costa County ("Superior Court"), petitioner was found guilty of second degree murder. He was sentenced to a term of fifteen years to life in state prison. On December 27, 2006, the Board, for the thirteenth time, found petitioner unsuitable for parole.

1    Thereafter, petitioner filed a state habeas petition in the Superior Court, which petition was denied on the merits in a reasoned opinion filed December 18, 2007. (Pet. App. 1.) Petitioner then filed a state habeas petition in the California Court of Appeal ("Court of Appeal"), which petition was denied summarily on March 21, 2008. (Pet. App. 2.) Finally, petitioner filed a petition for review in the California Supreme Court ("Supreme Court"), which petition was denied summarily on June 11, 2008. (Pet. App. 3.)

In the instant petition, petitioner raises the following claims: (1) the decision to deny him parole violated his right to due process because it was not based on "some evidence" that petitioner remains an unreasonable risk of danger to public safety if paroled; (2) the decision to deny him parole violated his right to due process because the Board relied on the unchanging facts of the commitment offense; and (3) the decision to deny him parole violated his right to due process because the Board applied a *sub rosa* anti-parole policy that categorizes every murder as "especially heinous, atrocious or cruel" under title 15 § 2402(c) of the California parole guidelines, thereby making ineligible for parole all individuals convicted of murder. See Cal. Code Regs. tit. 15 ("15 CCR"), § 2402(c). (Memo P. & A. Supp. Pet. 11:25-12:13.) Further, in conjunction with the last of the above three claims, petitioner argues that because of the arbitrary nature of the Board's decision-making process, due process required the Superior Court and California Court of Appeal, when reviewing petitioner's state habeas petition, to apply a less deferential standard of review to the Board's decision than the "some evidence" standard. (Id. at 5-11.)

**DISCUSSION**

Respondent moves to dismiss the petition on the ground it is unexhausted because petitioner did not fairly present to the Supreme Court his anti-parole policy and standard-of-review claims. Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by providing the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. See 28 U.S.C. § 2254(b)-(c). The

exhaustion-of-state-remedies doctrine reflects a policy of federal-state comity to give the state "the initial 'opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'" Picard v. Connor, 404 U.S. 270, 275 (1971) (internal citation omitted). A federal district court must dismiss a federal habeas petition containing any claim as to which state remedies have not been exhausted. Rhines v. Webber, 544 U.S. 269, 273 (2005).

The exhaustion requirement is satisfied only if a federal claim has been "fairly presented" to the state courts. Picard, 404 U.S. at 275. "Fair presentation requires that the petitioner describe in the state proceedings both the operative facts and the federal legal theory on which his claim is based so that the state courts have a fair opportunity to apply controlling legal principles to the facts bearing upon his constitutional claim." Davis v. Silva, 511 F.3d 1005, 1009 (9th Cir. 2008) (internal quotation and citation omitted). Thus, a claim raised in state court "must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief." Id. (internal quotation and citation omitted).

Here, respondent argues petitioner's anti-parole policy and standard-of-review claims are unexhausted because petitioner did not argue in his petition for review, either that the Board's application of the anti-parole policy or the lower courts' use of the "some evidence" standard denied him his federal constitutional right to due process. Rather, respondent maintains, petitioner expressly argued only that the Board and the lower courts had acted contrary to California law. Additionally, respondent asserts that the state and federal cases cited by petitioner in the petition for review speak only to petitioner's argument that the Board gave undue emphasis to petitioner's commitment offense, in violation of federal due process, but do not pertain to his anti-parole policy and standard of review claims. (Resp.'s Mot. at 3:10-23.) Further, respondent argues, petitioner cannot satisfy the exhaustion requirement by having directed the Supreme Court, in his petition for review, to the arguments made in his state appellate court petition, because under the California Rules of Court claims may not be incorporated by reference into a petition for review. (Id. at 3:23-26, citing Cal. Ct. R. 8.504(e)(3) ("No incorporation by reference is permitted except a reference

3

to a petition, an answer, or a reply filed by another party in the same case or filed in a case that raises the same or similar issues and in which a petition for review is pending or has been granted.").

In opposition to respondent's arguments, petitioner argues that all of his claims were fairly presented in the petition for review. Specifically, with respect to the anti-parole policy claim, petitioner points to sections of his petition for review wherein he expressly argued to the Supreme Court that the Board's *sub rosa* policy of applying 15 CCR § 2042(c) to all potential parolees convicted of murder denied him the right to individualized consideration of his parole application, in violation of due process. (Opp. at 3:20-4:23.) Further, with respect to his standard-of-review claim, petitioner points to those sections of his petition, filed with the Supreme Court, in which he argued that the lower courts abused their discretion when they failed to apply a less deferential standard of review to the Board's decision. (Id. at 5:16-6:17.) Additionally, petitioner maintains that, upon the filing of his petition for review, the Supreme Court would have ordered the record from the California Court of Appeal, reviewed that record, and then made its decision. According to petitioner: "It is thus assumed that the court adequately reviews the appellate petition, memorandum and exhibits and decides the case." (Id. at 8:10-13.)

Based on a review of the claims raised in the instant petition and those presented by petitioner in his petition for review to the Supreme Court, the Court concludes, for the following reasons, that petitioner's anti-parole policy and standard-of-review claims were not fairly presented to the Supreme Court for the purpose of exhaustion of state remedies.

As an initial matter, the Court considers petitioner's argument that the presentation of his claims in federal constitutional terms in his state habeas petition filed in the California Court of Appeal would have served to put the Supreme Court on notice of the federal nature of petitioner's claims. The Ninth Circuit recently made clear that a federal claim is fairly presented to the state Supreme Court only if it is raised by a procedural method that complies with the state appellate rules and involves a "permissible method of raising an issue in [the state Supreme Court]." Farmer v. Baldwin, 563 F.3d 1042, 1044 (9th Cir. 2009). Here, as

4

noted by respondent, the California Rules of Court expressly prohibit incorporation of arguments into a petition for review by reference to briefs or opinions filed in other courts. See Cal. R. Ct. 8.504(e)(3). Based on such rule, the Court concludes that the California Supreme Court, in deciding whether the petition for review had merit, would not have relied on arguments that were made by petitioner in his appellate brief but not in his petition for review. Consequently, the Court, in deciding whether petitioner's claims were fairly presented to the Supreme Court, will consider petitioner's claims only as they were expressly presented in the petition for review.

In the instant petition, the essence of petitioner's anti-parole policy claim is that the Board's application of an anti-parole policy to all potential parolees who are murderers deprived him of an individualized determination of his parole application by an unbiased decision-maker, in violation of the federal constitutional right to due process. Such allegation states a cognizable claim for federal habeas corpus relief. Specifically, the procedural due process protections guaranteed to a prisoner at a parole hearing are two-fold: not only must some evidence support the fact-finder's decision to deny parole, see Jancsek v. Oregon Bd. of Parole, 833 F.2d 1389, 1390 (1987), potential parolees also must be afforded certain procedural safeguards, including the opportunity to be heard before an unbiased decision-maker. See O'Bremski v. Maass, 915 F.2d 418, 422 (9th Cir. 1990). As the United States Supreme Court has made clear in the context of prison disciplinary hearings, while the evidentiary requirements of due process may be satisfied if there is some evidence to support a prison disciplinary decision, the procedural requirements of due process, including a hearing before an unbiased decision-maker, must also be satisfied. See Edwards v. Balisok, 520 U.S. 641, 648 (1997).

Petitioner raised his anti-parole policy claim in the Supreme Court as follows:

> Petitioner contends that the Board applies a *sub rosa* policy indicative of an anti-parole policy by applying 15 Cal. Code Regs., Div. 2, sec. 2402(c) ("especially heinous, atrocious, and cruel") to every murder offense, regardless of whether the inmate meets the "beyond the minimum elements necessary to sustain the conviction" standard set forth in *In re Dannenberg* [34 Cal. 4th 1061 (2005)] and *In re Lee* [143 Cal. App. 4th 1400 (2006)], violating due process of law by depriving him of his right to individualized treatment of his

5

parole application.

(Resp.'s Mot. Ex. 1 at 26.)

In arguing his claim, petitioner asserted that both the Superior Court and the California Court of Appeal erred when they did not find petitioner was entitled to habeas corpus relief based on findings made in In re Criscione, No. 71614 (Sup. Ct. Santa Clara) (Order filed Aug. 30, 2007). Id. Specifically, in Criscione the superior court found parole denial decisions made by the Board during a thirteen-month period between August 2002 and January 2006 showed an unlawful predisposition on the Board's part to find every murder fit the criteria set forth in 15 CCR § 2042(c). (See Pet. Ex. OO ("Criscione Order") at 4-26.) In support of this contention, petitioner also cited to the California case of In re Minnis, 7 Cal. 3d 639, 649 (1972), for the proposition that a parole applicant is entitled to individualized consideration by the Board. (Mot. Dismiss Ex. 1 at 27.)

Further, petitioner argued that in light of the evidence showing such irregularity in the Board's procedures, both the Superior Court and the Court of Appeal erred in his case by not applying to the Board's decision a more stringent standard of review than the "some evidence" standard. (Resp.'s Mot. Ex. 1 at 26-27.) Petitioner summarized his contentions as follows:

> . . . [Petitioner] demonstrated to the courts the facts that the Board applied this regulation [15 CCR § 2042(c)] at every hearing [of petitioner's], all thirteen of them, giving them not decreasing significance but increasing significance. Such increase in significance is completely arbitrary and irrational, and certainly inconsistent with prevailing law which holds that over time such factors diminish in relevance and reliability. (See, e.g., Hayward v. Marshall, [ ] 512 F.3d 536 (9th Cir. 2008), citing to state appellate cases; Martin v. Marshall, 431 F. Supp. 2d 1038 (N.D. Cal. 2006); Rosenkratz v. Marshall, 444 F. Supp. 2d 1063 (C.D. Cal. 2006); In re Roderick, 154 Cal. App. 4th 242 at 247 [2007].

(Id.)

In opposition to respondent's motion to dismiss, petitioner argues that the federal due process implications of the arguments he put forth in his petition for review would have been apparent to the Supreme Court based on his reference to "due process" and his case citations. Petitioner's first argument fails because a general reference to "due process" does not, in

6

itself, put a reviewing court on notice that it is considering a federal due process claim rather than a state law due process claim. In particular, the fair-presentation requirement is not satisfied by the mere circumstance that the "due process ramifications" of an argument may be self-evident. Anderson, 459 U.S. at 7. A general appeal to a constitutional guarantee as broad as due process is not enough to present the substance of such a claim to a state court. Gray v. Netherland, 518 U.S. 152, 163 (1996).

Further, the substance of the arguments made by petitioner in his petition for review is not the same as the substance of the arguments he presents herein with respect to his anti-parole policy and standard-of-review claims. In particular, as noted, petitioner argued in his petition for review that the Board's continued emphasis on the nature of the commitment offense to find petitioner unsuitable for parole was "completely arbitrary and irrational, and certainly inconsistent with prevailing law which holds that over time such factors diminish in relevance and reliability." (Resp.'s Mot. at 26-27). Such argument, however, is not the equivalent of petitioner's argument, in the instant petition, that application of an anti-parole policy denied petitioner an unbiased decision-maker, in violation of federal due process. Additionally, neither the state nor federal cases cited by petitioner in the petition for review support his federal due process arguments with respect to his anti-parole policy and standard of review claims. As an initial matter, petitioner relies heavily on the above-referenced California case of In re Criscione, in which, as noted, the superior court found the Board's decision to deny parole was not based on some evidence and reflected the Board's use of an anti-parole policy based on its application of 15 CCR § 2402(c). The Criscione case, however, does not discuss the federal due process ramifications of such a policy. (See Pet. Ex. OO at 4-26.) Moreover, the California Court of Appeal recently reversed the decision of the superior court in that case, concluding that some evidence did support the Board's decision, and did not consider whether the Board had unlawfully applied 15 CCR § 2402(c). See In re Criscione, No. H033781, 2009 WL 4881910, at *7-10 (Cal. Ct. App. Dec. 18, 2009).

Similarly, petitioner's reliance in his petition for review on the California cases of In

re Roderick and In re Minnis, supra, do not support his fair presentation argument because neither of those cases concerns a claim that the Board's application of an anti-parole policy resulted in the denial of federal due process. Specifically, Roderick dealt solely with the question whether, under California due process standards, there was some evidence to support the Board's decision to deny parole. See 154 Cal. App. 4th at 263. Although Minnis addressed, inter alia, the question of whether the Board unlawfully applied a policy of denying, without individualized consideration, all parole applications submitted by a certain category of offenders, the court considered therein only whether such policy was contrary to the legislative purposes of California's Indeterminate Sentencing Law, and did not speak to the issue of federal due process. See 7 Cal.3d at 645-46.

Petitioner's citation to the Ninth Circuit's decision in Hayward, likewise does not support his argument. That decision, which no longer can be cited as precedent following a grant of rehearing en banc by the Ninth Circuit in May 2008, see Hayward v. Marshall, 527 F.3d 797 (9th Cir. 2008), nowhere discusses the federal due process ramifications of the Board's application of an arbitrary anti-parole policy. Instead, it considers only whether due process is satisfied if a decision to deny parole is based solely on the heinous nature of the commitment offense under 15 CCR § 2042(c), even though other factors show the potential parolee will not pose an imminent danger to public safety if released. See Hayward, 512 F.3d at 546. Similarly, the district court's decision in Rosenkratz, on which both the superceded Hayward opinion and petitioner rely, discusses only the Board's unlawful reliance on the commitment offense to deny parole, and in no way pertains to the Board's application of an alleged anti-parole policy. See Rosenkratz, 444 F. Supp. 2d at 1084. Finally, while the district court's decision in Martin discusses the federal due process implications both of the Board's continued reliance on the commitment offense, see Martin, 431 F. Supp. 2d at 1046-48, and its application of an anti-parole policy for murderers, see id. at 1048-49, petitioner, in his petition for review, did not provide the Supreme Court with a specific page citation to the Martin case, thereby leaving unclear the proposition for which he had cited the case. In view of petitioner's argument in his petition for review that the Board

had placed undue emphasis on factors whose reliability and significance diminish over time, i.e., the nature of the underlying commitment offense, and petitioner's citation to the cases discussed above, the Court concludes petitioner's general reference to Martin in his petition for review did not serve to put the Supreme Court on notice that petitioner was contending the Board had violated federal due process by applying an anti-parole policy, rather than making the argument that the Board had violated federal due process by relying on the commitment offense to deny petitioner parole.

Further, the Court finds petitioner's additional argument to the Supreme Court, that the lower courts should have applied a less deferential standard of review to the Board's decision, was not presented in federal constitutional terms. Specifically, nowhere in his petition for review does petitioner expressly argue that federal, as opposed to state, due process requires such standard be applied, nor does he cite to any case, state or federal, that supports such a proposition. Notably, the Ninth Circuit has made clear that the some-evidence standard is the constitutionally-mandated standard of review applicable to a state parole board's decision to deny parole. See Sass v. California Bd. of Prison Terms, 461 F.3d 1123, 1129 (9th Cir. 2006).

In sum, petitioner's anti-parole policy and standard-of-review arguments, as presented in his petition for review, served to put the Supreme Court on notice that petitioner believed the Board was unlawfully relying on 15 CCR § 2042(c) to deny prisoners parole in violation of state law, and that he was of the opinion that, under such circumstances, the some-evidence standard of review should not apply. Such arguments, however, did not put the Supreme Court on notice that petitioner was claiming that the Board's reliance on 15 CCR § 2042(c) amounted to biased decision-making in violation of federal due process, or that a less deferential standard of review was constitutionally required. Consequently, the Court concludes petitioner did not fairly present his anti-parole policy and some-evidence standard of review claims to the Supreme Court for review and, as a result, said claims are unexhausted.

Based on the foregoing, the Court will grant respondent's motion to dismiss the

petition as a "mixed" petition that contains both exhausted and unexhausted claims. See 544 U.S. 269, 273 (2005). Before entering a judgment of dismissal, however, the Court must provide petitioner an opportunity to amend the mixed petition by striking his unexhausted claims as an alternative to suffering dismissal. Jefferson v. Budge, 419 F.3d 1013, 1016 (9th Cir. 2005) (citing Rhines v. Weber, 544 U.S. 269, 277 (2005)). As a further alternative, the Court, under certain circumstances, may stay the mixed petition while petitioner returns to state court to exhaust his unexhausted claims. See King v. Ryan, 564 F.3d 1133, 1139-41 (9th Cir. 2009) (describing options for requesting stay) Accordingly, petitioner may choose either to amend his petition and proceed only with his exhausted claims, or request a stay of the petition while he exhausts his unexhausted claims in state court.

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. Respondent's motion to dismiss is hereby GRANTED. (Docket No. 11.)

2. Within **thirty (30) days** of the date this order is filed, petitioner shall either: (1) file an amended petition that includes only his exhausted claims and strikes the unexhausted claims, or (2) file a request for a stay of this matter while he exhausts his unexhausted claims in state court.

3. If petitioner chooses to file an amended petition, he must include the caption and civil case number used in this order, No. C 08-3322 MMC (PR), as well as the words AMENDED PETITION on the first page; petitioner shall not incorporate material from the original petition by reference.

4. If petitioner fails to file either an amended petition or a request for a stay as ordered herein, the petition will be dismissed without prejudice to petitioner's later filing a new petition that contains only exhausted claims.

This order terminates Docket No. 11.

IT IS SO ORDERED.

DATED: January 20, 2010

MAXINE M. CHESNEY
United States District Judge