**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY SNODGRASS,<br><br>    Petitioner,<br><br>  v.<br><br>BEN CURRY, Warden,<br><br>    Respondent.<br>_____ | No. C 08-3322 MMC (PR)<br><br>**ORDER GRANTING MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS; DENYING CERTIFICATE OF APPEALABILITY**<br><br>**(Docket No. 24)** |

On July 9, 2008, petitioner, a California prisoner currently incarcerated at the California Men's Colony in San Luis Obispo, California, and proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging a 2006 decision by the California Board of Parole Hearings ("Board") to deny parole. Thereafter, the Court granted respondent's motion to dismiss the petition as a "mixed" petition that contained both exhausted and unexhausted claims. Petitioner then filed an amended petition ("AP"), from which he deleted his unexhausted claims.

Now pending before the Court is respondent's motion to dismiss the AP on the ground such petition fails to present a cognizable claim for federal habeas corpus relief. Petitioner has not filed an opposition thereto.

**BACKGROUND**

In 1982, in the Superior Court of Contra Costa County ("Superior Court"), petitioner was found guilty of second degree murder. He was sentenced to a term of fifteen years to life in state prison. The conviction was affirmed on appeal; petitioner did not seek review from the California Supreme Court.

Petitioner's twelfth parole suitability hearing, which is the subject of the instant petition, was held on December 27, 2006. At the conclusion of the hearing, the Board, after having reviewed the facts of the commitment offense, petitioner's social and criminal history, his employment, educational and disciplinary history while incarcerated, and his mental health reports, found petitioner was not yet suitable for parole and would pose an unreasonable risk of danger to society or threat to public safety if released from prison. (AP Ex. BB (Parole Hearing Transcript) at 70-77.)[1]

After he was denied parole, petitioner filed a habeas petition in the Superior Court, challenging the Board's decision. In an opinion issued December 18, 2007, the Superior Court denied relief, finding the Board properly applied state parole statutes and regulations to find petitioner unsuitable for parole, and that some evidence supported the Board's decision. (Pet. Ex. 1.) Petitioner next filed a habeas petition in the California Court of Appeal; the Court of Appeal summarily denied the petition on March 21, 2008. (Pet. Ex. 2.) Petitioner then filed a petition for review in the California Supreme Court; the petition was summarily denied on June 11, 2008. (Pet. Ex. 3.)

Petitioner next filed the original petition herein, claiming the decision to deny parole violated his right to due process because (1) the decision was not based on "some evidence" that petitioner remained an unreasonable risk of danger to public safety if paroled, (2) the Board relied on the unchanging facts of the commitment offense, (3) the Board applied a <u>sub rosa</u> anti-parole policy of finding the facts underlying every murder conviction to be sufficiently egregious that no individual convicted of murder could qualify for parole, and

---

[1] Unless otherwise noted, all references herein to exhibits are to exhibits submitted by petitioner in support of the original petition and the AP.

1  (4) the California courts, when reviewing petitioner's state habeas petitions, should have
2  applied a less deferential standard of review to the Board's decision than the "some
3  evidence" standard.

4  Subsequently, the Court granted respondent's motion to dismiss claims 3 and 4 as
5  unexhausted. Petitioner then filed the instant AP, choosing to proceed solely with claims 1
6  and 2.

## DISCUSSION

A federal district court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

As noted, petitioner claims the Board's decision to deny parole violated petitioner's federal constitutional right to due process because the decision was not supported by some evidence that petitioner at that time posed a danger to society if released, but, instead, was based solely on the unchanging circumstances of the commitment offense. Respondent moves to dismiss the AP on the ground that petitioner's claims are not cognizable in federal habeas corpus. For the following reasons, the Court will grant the motion to dismiss.

Under California law, prisoners serving indeterminate life sentences, like petitioner here, become eligible for parole after serving minimum terms of confinement required by statute. In re Dannenberg, 34 Cal. 4th 1061, 1078 (2005). Regardless of the length of time served, "a life prisoner shall be found unsuitable for and denied parole if in the judgment of the panel the prisoner will pose an unreasonable risk of danger to society if released from prison." Cal. Code Regs. tit. 15 ("CCR"), § 2402(a). In making the determination as to whether a prisoner is suitable for parole, the Board must consider various factors specified by state statute and parole regulations. In re Rosenkrantz, 29 Cal. 4th 616, 654 (2002); see CCR § 2402(b)–(d). When a state court reviews a Board's decision denying parole, the relevant inquiry is whether "some evidence" supports the decision of the Board that the inmate poses a current threat to public safety. In re Lawrence, 44 Cal. 4th 1181, 1212 (2008).

Federal habeas corpus relief is unavailable for an error of state law. Swarthout v. Cooke, 131 S. Ct. 859, 861 (per curiam) (2011). Under certain circumstances, however, state law may create a liberty or property interest that is entitled to the protections of federal due process. In particular, while there is "no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence," Greenholtz v. Inmates of Nebraska Penal & Corr. Complex, 442 U.S. 1, 7 (1979), a state's statutory parole scheme, if it uses mandatory language, may create a presumption that parole release will be granted when, or unless, certain designated findings are made, and thereby give rise to a constitutionally protected liberty interest. See id. at 11-12. The Ninth Circuit has determined California law creates such a liberty interest in release on parole. Cooke, 131 S. Ct. at 861-62.

When a state creates a liberty interest, the Due Process Clause requires fair procedures for its vindication, and federal courts will review the application of those constitutionally required procedures. Id. at 862. In the context of parole, the procedures necessary to vindicate such interest are minimal: a prisoner receives adequate process when "he [is] allowed an opportunity to be heard and [is] provided a statement of the reasons why parole was denied." Id. "The Constitution," [the Supreme Court has held], "does not require more." Id.; see Pearson v. Muntz, No. 08-55728, --- F.3d ---, 2011 WL 1238007, at *5 (9th Cir. Apr. 5, 2011) ("Cooke was unequivocal in holding that if an inmate seeking parole receives an opportunity to be heard, a notification of the reasons as to denial of parole, and access to their records in advance, that should be the beginning and end of the inquiry into whether the inmate received due process.") (alterations, internal quotation and citation omitted).

In the instant action, petitioner has never maintained that he was denied an opportunity to speak at his hearing and contest the evidence against him, that he was denied access to his record in advance, or that he was not notified of the reasons why parole was denied. Rather, the arguments raised by petitioner in both the original petition and AP pertain solely to the sufficiency of the evidence on which the Board relied, and whether the

4

state courts properly applied the "some evidence" standard.  As Cooke clearly forecloses such claims, petitioner has failed to present a constitutionally cognizable claim for the denial of due process.  Consequently, the motion to dismiss the AP will be granted.  See Pearson, 2011 WL 1238007, at *5 (reversing district court's pre-Cooke grant of habeas relief on petitioner's "some evidence" claim; finding no further due process inquiry required because petitioner had never argued he was not provided the procedures set forth in Cooke).[2]

## CERTIFICATE OF APPEALABILITY

A certificate of appealability will be denied with respect to petitioner's claims.  See 28 U.S.C. § 2253(c)(1)(a); Rules Governing Habeas Corpus Cases Under § 2254, Rule 11 (requiring district court to issue or deny certificate of appealability when entering final order adverse to petitioner).  Specifically, petitioner has failed to make a substantial showing of the denial of a constitutional right, as he has not demonstrated that reasonable jurists would find the Court's assessment of the constitutional claims debatable or wrong.  Slack v. McDaniel, 529 U.S. 473, 484 (2000).

//
//
//
//

---

[2]Further, the transcript of the 2006 parole hearing shows petitioner received at least the process found by the Supreme Court to be adequate in Cooke.  Specifically, the record shows the following: petitioner chose not to be represented by counsel at the hearing (AP Ex. BB at 4:23-6:16); petitioner was provided in advance of the hearing with copies of the documents reviewed by the Board and also submitted additional documents for the Board's review (id. at 9:19-11:10); the Board read a summary of the commitment offense into the record, and discussed with petitioner the circumstances surrounding his commission of the offense, as well as his personal background, his feelings about the commitment offense and his insights into his behavior, petitioner's achievements and disciplinary record while incarcerated, the mental health reports prepared for the hearing, and petitioner's plans if paroled (id. at 15:16-64:13); petitioner made a statement advocating his release (id. at 68:8-69:7); petitioner received a thorough explanation as to why the Board denied parole (id. at 70-77).

**CONCLUSION**

For the reasons stated above, the Court orders as follows:

1. Respondent's motion to dismiss the AP is hereby GRANTED.

2. A certificate of appealability is hereby DENIED.

This order terminates Docket No. 24.

The Clerk shall enter judgment in favor of respondent and close the file.

IT IS SO ORDERED.

DATED: April 21, 2011

_____
MAXINE M. CHESNEY
United States District Judge